UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:17-cr-248-CEH-JSS

GABRIEL D. DILWORTH, JR.
_____/

**ORDER**

This matter comes before the Court on Defendant Gabriel D. Dilworth, Jr.'s *pro se* Petition to Modify the Term of Imprisonment Pursuant to the "First Step Act" of 2018, Pub. Law 115-391; Section 404(a) and (B), 18 U.S.C. § 3582(C)(1)(B) (Doc. 114). In the motion, Defendant seeks a reduction in his sentence pursuant to the First Step Act. Upon careful consideration, the motion is due to be denied.

**DISCUSSION**

On June 18, 2015, Defendant was sentenced to 162 months' incarceration and three years of supervised release for multiple offenses including distribution of cocaine base and hydromorphone. Doc. 94. By the instant motion, Defendant seeks a reduction in his sentence pursuant to the First Step Act of 2018 (Doc. 114), which made retroactive part of the Fair Sentencing Act of 2010. The Federal Defender was appointed on Defendant's behalf for this First Step proceeding in accordance with the Omnibus Order in *In Re: Section 404 of the First Step Act*, issued by then Chief Judge Merryday in case number 8:19-mc-10-T-23. *See* Doc. 115. The Federal Defender filed a notice of appearance (Doc. 117) and thereafter filed a Notice stating that the Office

of Public Defender would not be seeking relief on Defendant's behalf pursuant to Section 404 of the First Step Act because Defendant's offenses were committed in 2016 and therefore do not qualify as covered offenses under Section 404 of the First Step Act of 2018 (Doc. 118). Additionally, the Government filed a response in opposition to Defendant's motion arguing that although Defendant's offenses were crack-cocaine offenses, Defendant was sentenced nearly eight years after the Fair Sentencing Act's 2010 enactment and thus Section 404's retroactive application of the Fair Sentencing Act has no bearing on Defendant's sentence. Doc. 119.

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ 2(a)(1), 2(a)(2). Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at

the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

As stated by the Government and the Office of the Federal Public Defender, Defendant's offenses do not qualify for a reduction under Section 404 of the First Step Act because his offenses were not committed before August 3, 2010. Defendant was sentenced for crack cocaine related offenses occurring on or about April 27, April 28, May 5, November 2, and December 14, 2016. Doc. 94 at 1. Accordingly, § 404 does not provide Defendant relief.

Accordingly, it is hereby

**ORDERED**:

1.Defendant's Petition to Modify the Term of Imprisonment Pursuant to the "First Step Act" of 2018, Pub. Law 115-391; Section 404(a) and (B), 18 U.S.C. 3582(C)(1)(B) (Doc. 114) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on July 5, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Gabriel Dilworth, Jr., *pro se*
Counsel of Record